Judge Robertson
delivered the opinion of the Court.
This case presents, in various forms, several points, but they may ail be resolved into two propositions:
1st. Is a judgment by a magistrate, in favor of a plaintiff in a case in which the justice had no juris *62 diction; or is a judgment in the same case,in favor of the defendant, in the circuit court, on an appeal, a bar to a suit afterwards instituted, on the same cause of action, when that judgment was rendered for want of jurisdiction in the magistrate?
If justice bas no jurisdiction, over subject matter of the suit, his judgment is a nullity.
Justice, no jurisdiction over contract, for payment of property, made previous to passage of act of ’28.
Pi’yf. cannot recover hire of slave, if he knew slave was unsound, and fraudulently concealed it from def’t. provided', def’t. within reasonable time after discovering fraud, offered to return slave, & rescind contract.
If fraud was practised on tract, and he offered reci-after contract rescinded, & ““ ^atain*1 ed to enforce it.
*62 2d. Can a plaintiff recover for the hire of a slave, when the defendant can show that the slave was unsound, and the plaintiff, knowing the unsoundness, fraudulently concealed it, and the defendant, wühin a reasonable time after discovering the fraud, offered to return the slave and rescind the contract?
As to the first, it is clear that if the magistrate had no jurisdiction of the subject matter, his judgment is a nullity, as must be, also, that of the circuit court, on an appeal, so far as this suit is concerned.
There is enough in the record, to show that, in this case, the justice had no jurisdiction. The contract was for the payment of $40 in chairs, and it was made before the enlargement of the jurisdiction of magistrates, by the act of 1828,
Therefore, as the want of jurisdiction is shown by the record, it results that neither the judgment by the justice nor that by the circuit court, was a bar to this suit.
On the second question we have as little doubt.
Although the slave may have been unsound, nevertheless, if her services were worth any thing, as the contract for hiring was executed, there was not an entire failure of consideration, and therefore, on that ground alone, the defendant below was entitled to a verdict.
But if a fraud were practised on him, in the contract, and he offered a vecision within a reasonable-time after discovering it, the contract was, “ipso facto,” rescinded, and no action could be maintained to enforce it. This is a well established doctrine of the law, and is so plain and familiar, that it would be vain and useless to cite,authorities to prove it.
The circuit judge thought otherwise, and not only refused to instruct the jury, that such was the law, but instructed them that the defendant could not *63 ■escape a verdict, by proving the fraud and offer to rescind, within reasonable time, unless he also proved that the services of the slave was worth
Monroe, for plaintiff; Mills and Brown, for defendant.
This instruction is indefensible. If there had been no fraud, and offer to return the slave, the fact of the value or worthlessness of the services of the slave, would have been materia.!; but if there was fraud, and an offer, within reasonable time, to scind, the contract was nullified, by operation of law, and could not, afterwards, be the foundation of a suit,
Whether there was fraud,or whether, if there were, there was also'an offer, within a reasonable time, to rescind the contract, were facts for the consideration Of the jury. But the court did not permit them to decide on these facts, and, therefore, the court erred.
The evidence conduced to prove these two essential facts; and was of sucha character as to have authorized a verdict for either party. The jury, therefore, might have found for the defendant below, if they had not been misinstructed.
Wherefore, the judgment of the - circuit court is' reversed, and the cause remanded for a new trial, to be conducted conformably to this opinion.
Note. The contract, in this caso, was entered into in ’22. Warrant was brought on it in ’23, and appeal to and judgment in circuit court, in July, ’23, for Reading, appellant. In September, ’23, this action was instituted in circuit court.